E-FILED
Thursday, 07 March, 2019  11:52:41 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF LLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| Theresa Premo, as next friend to TJP, a minor | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| City of Champaign Police Officers Timothy Atteberry, | ) | |
| Dane Kaldahl, Arthur Miller, Jordan Hagemann, | ) | |
| James Hobson, Sergeant Brian Rogers, and the City | ) | |
| of Champaign, Illinois, a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

Plaintiff THERESA PREMO, as next friend for TJP, a minor, by and through her attorneys, complaining of Defendants Timothy Atteberry, Dane Kaldahl, Artur Miller, Jordan Hagemann, James Hobson, Brian Rogers, and the City of Chicago, Illinois, and states the following:

## INTRODUCTION

**1.**     On December 28, 2018, members of the Champaign Police Department stood around and watched as Defendants Atteberry and Kaldahl used excessive force to arrest TJP; an arrest that was in no way supported by probable cause or justified by any stretch of the imagination. On the contrary, Defendants Atteberry and Kaldahl arrested TJP for the simple reason that TJP exerted his constitutional right to decline to talk to the police.

**2.**     Plaintiff Theresa Premo brings this lawsuit against Defendants as the next friend of TJP and seeks redress for the violations of TJP's rights and to bring to light the

Champaign Police Department's pattern and practice of discriminating against minorities.

## JURSDICTION AND VENUE

**3.**     This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

**4.**     The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343.  Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

**5.**     Venue is proper in the United States District Court for the Central District of Illinois, Urbana division, under Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within this district.

## PARTIES

**6.**     At all times relevant herein, Plaintiff THERESA was a resident of the City of Champaign, Illinois. Plaintiff Premo is the mother of TJP and brings this lawsuit as his next friend.

**7.**     TJP is a minor and was 16 years old on December 28, 2018.

**8.**     Defendant TIMOTHY ATTEBERRY was, at all times relevant, a sworn officer employed by Defendant CITY OF CHAMPAIGN as a member of the Champaign Police Department. During the relevant time, Defendant Atteberry was acting within the scope of his agency, service, and/or employment with the City of Champaign, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois. Defendant Atteberry is sued in his individual capacity.

9.     Defendant DANE KALDAHL was, at all times relevant, a sworn officer employed by Defendant CITY OF CHAMPAIGN as a member of the Champaign Police Department. During the relevant time, Defendant Kaldahl was acting within the scope of his agency, service, and/or employment with the City of Champaign, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois. Defendant Kaldahl is sued in his individual capacity.

10.    Defendant ARTHUR MILLER was, at all times relevant, a sworn officer employed by Defendant CITY OF CHAMPAIGN as a member of the Champaign Police Department. During the relevant time, Defendant Miller was acting within the scope of his agency, service, and/or employment with the City of Champaign, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois. Defendant Miller is sued in his individual capacity.

11.    Defendant JORDAN HAGEMANN was, at all times relevant, a sworn officer employed by Defendant CITY OF CHAMPAIGN as a member of the Champaign Police Department. During the relevant time, Defendant Hagemann was acting within the scope of his agency, service, and/or employment with the City of Champaign, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois. Defendant Hagemann is sued in his individual capacity.

12.    Defendant JAMES HOBSON was, at all times relevant, a sworn officer employed by Defendant CITY OF CHAMPAIGN as a member of the Champaign Police Department. During the relevant time, Defendant Hobson was acting within the scope of his agency, service, and/or employment with the City of Champaign, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois. Defendant Hobson is sued in his individual capacity.

**13.** Defendant BRIAN ROGERS was, at all times relevant, a sworn officer employed by Defendant CITY OF CHAMPAIGN as a member of the Champaign Police Department. During the relevant time, Defendant Rogers was acting within the scope of his agency, service, and/or employment with the City of Champaign, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois. Defendant Rogers is sued in his individual capacity.

**14.** Defendant CITY OF CHAMPAIGN was, during the relevant time, the employer of Defendants Atteberry, Kaldahl, Miller, Hagemann, Hobson, and Rogers. Defendant City of Champaign is named both pursuant to the legal theory of Respondeat Superior and directly as Defendant City of Champaign is responsible for the policies, practices, and customs of the Champaign Police Department.

<u>**FACTS**</u>

**15.** TJP is a 16 year-old African-American kid who stands five foot three inches tall and weighs 110 pounds.

**16.** In the early morning hours of December 28, 2018, Defendant Atteberry was on patrol when he heard of a radio call of a single shot being fired in an area east of Hedge Road. This call was broadcasted at approximately 12:12 AM.

**17.** Defendant Atteberry observed a silver Mustang parked in a driveway of 1501 North Willis, Champaign, Illinois.

**18.** The silver Mustang was not violating any traffic laws.

**19.** Three individuals were sitting in the silver Mustang. A fourth, TJP, had just walked from the Mustang into a house, which was the home of his relative.

**20.**     Defendant Atteberry walked up to the silver Mustang and forced all of the occupants out of the vehicle. Defendant Atteberry then searched the driver of the vehicle. The two other occupants of the silver Mustang were also searched.

**21.**     Defendant Hagemann started shining a flashlight into the house TJP had walked into. He ordered any occupants of the house to "come to the door."

**22.**     TJP's relative appeared and asked why Defendant Hagemann was shining a light into her residence. Defendant Hagemann asked if they could speak to TJP.

**23.**     TJP exited the house and stood on the top of the stairs and spoke to Defendant Hagemann.

**24.**     Defendant Atteberry approached TJP, who was still at the top of the stairs.

**25.**     TJP's relative informed the officers that TJP was juvenile. TJP's relative offered to call TJP's mother.

**26.**     Defendant Atteberry stated that he would call TJP's mother.

**27.**     TJP's relative stated that TJP would not speak to the officers because he was nervous around police officers. TJP's relative further stated that "[w]e don't play with the police."

**28.**     Defendant Atteberry responded "[t]he police don't play either."

**29.**     Defendant Atteberry then grabbed at TJP and stated that he had to step down from the porch.

**30.**     At no time did Defendant Atteberry state that TJP was under arrest.

**31.**     There was no basis – either probable cause or even reasonable suspicion – to detain TJP for any offense.

**32.**     Defendant Hagemann observed Defendant Atteberry grab at TJP. Defendant Hagemann made no effort to prevent Defendant Atteberry from grabbing TJP. On the

contrary, Defendant Hagemann blocked TJP's relative and pushed her away from TJP and then physically restrained her when TJP's relative screamed for someone in the house to "get a camera."

**33.**   Defendant Kaldahl became aware that Defendant Atteberry was grabbing TJP on the porch. Defendant Kaldahl then ran over to Defendant Atteberry and TJP.

**34.**   Defendant Atteberry had TJP's right arm and was forcing TJP to the ground.

**35.**   Defendant Kaldahl observed that Defendant Atteberry had TJP's right arm. Defendant Kaldahl grabbed TJP's left arm and twisted it behind his back to force TJP to the ground.

**36.**   Defendant Miller pulled his taser device, pointed the device at TJP, and ordered TJP onto the ground.

**37.**   Defendant Atteberry and Defendant Kaldahl forced TJP to the ground. Defendant Kaldahl put his hand on TJP's neck and pushed him into the mud.

**38.**   The force used by Defendants Atteberry, Kaldahl, and Miller was unreasonable based on the totality of the circumstances.

**39.**   Defendants Atteberry and Kaldahl then placed handcuffs on TJP. Defendants Atteberry and Kaldahl tightened the handcuffs too tight.

**40.**   There was no probable cause for TJP to be detained.

**41.**   Defendant Hagemann ordered the occupants of the house to stop recording the actions of the police.

**42.**   When civilians told Defendants to get off the property and that they were acting in an unlawful manner by detaining TJP, Defendant Hagemann stated that he would pepper-spray them if they did not get back.

**43.** Defendant Hobson was physically present and observed the use of force on TJP and that TJP was placed into custody without probable cause. Defendant Hobson did not intervene to prevent the use of force or the arrest.

**44.** TJP was placed into a police vehicle.

**45.** Defendant Rogers was called to respond to the scene; Defendant Rogers was a sergeant and a supervisor for Defendants Atteberry, Kaldahl, Miller, Hagemann, and Hobson.

**46.** Defendant Rogers was told by civilians that the force used by Defendants Atteberry and Kaldal was unreasonable and that there was no lawful basis for TJP to have been arrested. Defendant Rogers informed the civilians that the actions of the other officers was justified and that TJP was going to remain under arrest. By doing so, Defendant Rogers approved and condoned the actions of Defendants Atteberry, Kaldahl, Miller, Hagemann, and Hobson.

**47.** TJP informed Defendant Rogers that the handcuffs were too tight. Defendant Rogers loosened the handcuffs.

**48.** TJP informed Defendant Rogers that he was injured from the actions of Defendants Atteberry and Kaldahl. Defendant Rogers did not provide TJP any medical attention and did not call for an ambulance.

**49.** TJP was taken to the police station. At the police station, TJP was not provided with any medical care.

**50.** TJP was not released from custody until over 10 hours after he was placed under arrest by Defendants Atteberry and Kaldahl. At no point during his time in custody was TJP provided medical attention following the use of force by Defendants Atteberry and Kaldahl.

51.     As a result of TJP's false arrest by Defendants Atteberry and Kaldahl, TJP's probation was revoked and he was forced to spend ten (10) days in a juvenile correctional facility. The false arrest by Defendants Atteberry and Kaldahl was the proximate cause of TJP's ten (10) days in the juvenile facility.

## COUNT I – FEDERAL CLAIM
## 42 U.S.C. § 1983 EXCESSIVE FORCE
## DEFENDANTS ATTEBERRY, KALDAHL, AND MILLER

52.     Each paragraph of this Complaint is incorporated as if restated fully herein.

53.     The actions of Defendants Atteberry, Kaldahl, and Miller constituted unreasonable, unjustified, and excessive force against TJP, violating his rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

54.     As a result of the unreasonable use of force, TJP suffered injuries.

WHEREFORE, Plaintiff THERESA PREMO, as next friend for TJP, a minor, prays for judgment against Defendants Atteberry, Kaldahl, and Miller, and an award of compensatory damages, punitive damages, attorneys' fees, costs, and for any additional relief that is just and proper.

## COUNT II – FEDERAL CLAIM
## 42 U.S.C. § 1983 FALSE ARREST
## DEFENDANTS ATTEBERRY AND KALDAHL

55.     Each paragraph of this Complaint is incorporated as if restated fully herein.

56.     Defendants Atteberry and Kaldahl placed TJP under arrest without probable cause.

57.     The actions of Defendant Atteberry and Kaldahl constituted a false arrest against TJP, violating his rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

58.     As a result of the false arrest, TJP suffered injuries.

WHEREFORE, Plaintiff THERESA PREMO, as next friend for TJP, a minor, prays for judgment against Defendants Atteberry and Kaldahl, and an award of compensatory damages, punitive damages, attorneys' fees, costs, and for any additional relief that is just and proper.

### COUNT III – FEDERAL CLAIM
### 42 U.S.C. § 1983 FAILURE TO INTERVENE
### DEFENDANTS MILLER, HAGEMANN, AND HOBSON

**59.**     Each paragraph of this Complaint is incorporated as if restated fully herein.

**60.**     Defendants Miller, Hagemann, and Hobson were physically present and observed the use of force against TJP and TJP's arrest by Defendants Atteberry and Kaldahl.

**61.**     Defendants Miller, Hagemann, and Hobson had a realistic opportunity to prevent the use of force and the arrest of TJP but did not intervene to prevent either.

**62.**     As a result of Defendants Miller's, Hagemann's, and Hobson's inaction, TJP suffered injuries.

WHEREFORE, Plaintiff THERESA PREMO, as next friend for TJP, a minor, prays for judgment against Defendants Miller, Hagemann, and Hobson, and an award of compensatory damages, punitive damages, attorneys' fees, costs, and for any additional relief that is just and proper.

### COUNT IV – FEDERAL CLAIM
### 42 U.S.C. § 1983 SUPERVISORY LIABILITY
### DEFENDANTS ROGERS

**63.**     Each paragraph of this Complaint is incorporated as if restated fully herein.

**64.**     Defendant Rogers was informed about the unreasonable conduct of Defendants Atteberry and Kaldahl and that the arrest of TJP was without probable cause.

**65.**     Defendant Rogers did not discipline or admonish Defendants Atteberry or Kaldahl.

**66.**     Defendant Rogers did not release TJP from custody.

**67.**     By failing to remedy the misconduct that he knew about, Defendant Rogers facilitated, approved, condoned, or turned a blind eye to the misconduct.

**68.**     As a result of Defendant Roger's inaction, TJP suffered injuries.

WHEREFORE, Plaintiff THERESA PREMO, as next friend for TJP, a minor, prays for judgment against Defendant Rogers, and an award of compensatory damages, punitive damages, attorneys' fees, costs, and for any additional relief that is just and proper.

**COUNT V – FEDERAL CLAIM**
**42 U.S.S. § 1983 FAILURE TO PROVIDE MEDICAL CARE**
**DEFENDANTS ATTEBERRY, KALDAHL, MILLER, HAGEMANN, HOBSON, AND ROGERS**

**69.**     Each paragraph of this Complaint is incorporated as if restated fully herein.

**70.**     Defendants Atteberry, Kaldahl, Miller, Hagemann, and Hobson observed the use of force against TJP and did not call for an ambulance or offer TJP medical care.

**71.**     Defendant Rogers was personally informed by TJP that he had been injured but did not call for an ambulance or offer TJP medical care.

**72.**     The failure to provide TJP medical care was objectively unreasonable and there was no justifiable basis to not provide TJP any medical care during the more than 10 hours he was in custody.

**73.**     As a result of the failure to provide medical care, TJP suffered injuries.

WHEREFORE, Plaintiff THERESA PREMO, as next friend for TJP, a minor, prays for judgment against Defendants Atteberry, Kaldahl, Miller, Hagemann, Hobson, and Rogers, and an award of compensatory damages, punitive damages, attorneys' fees, costs, and for any additional relief that is just and proper.

## COUNT V – FEDERAL CLAIM
## 42 U.S.S. § 1985 CIVIL CONSPIRACY
## DEFENDANTS ATTEBERRY, KALDAHL, MILLER, HAGEMANN, HOBSON, AND ROGERS

**74.**   Each paragraph of this Complaint is incorporated as if restated fully herein.

**75.**   Following the use of excessive force and false arrest of TJP, Defendants Atteberry, Kaldahl, Miller, Hagemann, Hobson, and Rogers agreed to make false reports to justify the use of force and arrest of TJP. Specifically, TJP would be falsely charged with resisting arrest.

**76.**   Defendants Atteberry, Kaldahl, Miller, Hagemann, Hobson, and Rogers did create reports that falsely stated TJP had resisted arrest and that the conduct of the officers was justified. These reports were the overt acts in furtherance of the conspiracy.

**77.**   As a result of the civil conspiracy, TJP suffered injuries.

WHEREFORE, Plaintiff THERESA PREMO, as next friend for TJP, a minor, prays for judgment against Defendants Atteberry, Kaldahl, Miller, Hagemann, Hobson, and Rogers, and an award of compensatory damages, punitive damages, attorneys' fees, costs, and for any additional relief that is just and proper.

## COUNT VI – FEDERAL CLAIM
## 42 U.S.C. § 1983 MONELL POLICY CLAIM
## DEFENDANT CITY OF CHAMPAIGN

**78.**   Each paragraph of this Complaint is incorporated as if restated fully herein.

**79.**   Defendant City of Champaign ("City") is responsible for the creation and adoption of rules and regulations for the governance of the City of Champaign, including the Champaign Police Department.

**80.**     Defendant City retains policymakers who train and supervise its police officers about proper arrests, proper investigations and interactions with the public, and the proper use of force against civilians.

**81.**     The unconstitutional actions of Defendants Atteberry, Kaldahl, Miller, Hagemann, Hobson, and Rogers were committed pursuant to a pattern and practice by the City and its police officers to charge members of the public with false resisting/obstructing criminal charges in order to cover up their misconduct in arresting people without probable cause and utilizing excessive force against civilians.

**82.**     It is commonplace within the City of Champaign for its police officers to arrest members of the public without probable cause and then to falsely charge those individuals with no other crime besides trumped up charged of obstruction or resisting arrests.

**83.**     Recent examples of this illegal pattern and practice can be observed thorough the facts in the civil litigation *Benjamin Mann v. City of Champaign*; *Kisica Seets v. Officer Matt Rush*; *Precious Jackson v. City of Champaign*; and *Alton Corey v. City of Champaign*.

**84.**     Upon information and belief, in each of the aforementioned cases, the plaintiffs were charged with resisting and/or obstruction and/or battery charges that were not supported by probable cause. Such false charges were made with the purpose of covering up the excessive force perpetrated by the Champaign police officers against the plaintiff victims.

**85.**     Defendant City was made aware of this pattern and practice by way of those lawsuits and the fact that Defendant City settled many of those lawsuits.

**86.**     This illegal pattern and practice was permitted to continue despite the policymakers being aware of this problematic custom. The failure to remedy this pattern, practice, or custom constituted deliberate indifference on behalf of the policymakers for Defendant City.

**87.**     The illegal pattern, practice, or custom was so widespread that it constituted *de facto* policy for Defendant City.

**88.**     The illegal pattern, practice, or custom was the moving force behind the misconduct of Individual Defendants, who used excessive force against TJP and then attempted to conceal their misconduct by falsely charging TJP with resisting arrest.

**89.**     As a result of Defendant City's pattern, practice, or custom, TJP suffered injuries.

WHEREFORE, Plaintiff THERESA PREMO, as next friend for TJP, a minor, prays for judgment against Defendant City, and an award of compensatory damages, attorneys' fees, costs, and for any additional relief that is just and proper.

### COUNT XI – CLAIM UNDER ILLINOIS LAW
### INDEMNIFICATION
### DEFENDANT CITY OF CHAMPAIGN

**90.**     Each of the foregoing paragraphs of this Complaint is incorporated as if restated fully herein.

**91.**     During the relevant time, Defendants Atteberry, Kaldahl, Miller, Hagemann, Hobson, and Rogers were employees of Defendant City and acted within the scope of their employment with Defendant City.

**92.**     Pursuant to 745 ILCS 10/9-102, Defendant City is required to indemnify Defendants Atteberry, Kaldahl, Miller, Hagemann, Hobson, and Rogers for any judgment against them for acts or omissions done within the scope of their employment.

WHEREFORE, Plaintiff THERESA PREMO, as next friend for TJP, a minor, prays for judgment against Defendant City, and an award of compensatory damages, attorneys' fees, costs, and for any additional relief that is just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.


Respectfully submitted,

By: */s/ Shawn W. Barnett*
Shawn W. Barnett, Atty. No. 6312312
One of the Attorneys for Plaintiff

HALE & MONICO LLC
Andrew Hale
Jordan Marsh
Shawn Barnett
53 West Jackson, Suite 357
Chicago, IL 60604
(312) 870-6905