IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| THERESA PREMO,<br>as next friend to TJP, a minor,<br><br>           Plaintiff,<br>     V.<br><br>CITY OF CHAMPAIGN POLICE OFFICERS<br>TIMOTHY ATTEBERRY, DANE KALDAHL,<br>ARTHUR MILLER, SERGEANT BRIAN ROGERS, and<br>THE CITY OF CHAMPAIGN, ILLINOIS,<br>a municipal corporation,<br><br>           Defendants. | CASE NO. 19-CV-1078-CSB-EIL<br><br><br>JURY TRIAL DEMANDED |

### DEFENDANT TIMOTHY ATTEBERRY'S
### ANSWER TO FIRST AMENDED COMPLAINT AT LAW, AFFIRMATIVE DEFENSES, AND JURY DEMAND

NOW COMES Defendant TIMOTHY ATTEBERRY ("Defendant"), by and through his undersigned counsel, and in answer to Plaintiff's First Amended Complaint at Law, states as follows.  Defendant generally denies the allegations in Plaintiff's First Amended Complaint at Law, including any in the unnumbered headings, except for those allegations specifically admitted in this answer.

1.      Defendant admits that Defendants Atteberry and Kaldahl arrested TJP on December 28, 2018, and that Defendant Miller was in the vicinity.  Defendant denies the remaining allegations in paragraph 1 of Plaintiff's First Amended Complaint at Law.

2.      Defendant admits that Plaintiff Theresa Premo purports to bring this lawsuit as the next friend of TJP to seek redress against Defendants.  Defendant denies the remaining allegations in paragraph 2 of Plaintiff's First Amended Complaint at Law, particularly

allegations regarding pattern and practice that are no longer relevant after Plaintiff dismissed her *Monell* claim.

3.  Defendant admits that Plaintiff claims to have causes of action under the Fourth and Fourteenth Amendments, 42 U.S.C. §§ 1983 and 1988, and Illinois state law. Defendant denies the remaining allegations in paragraph 3 of Plaintiff's First Amended Complaint at Law, including the suggestion that Plaintiff has valid claims.

4.  Defendant admits that Plaintiff invokes jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3), and that Plaintiff invokes supplemental jurisdiction under § 1367(a). Defendant denies the remaining allegations in paragraph 4 of Plaintiff's First Amended Complaint at Law, including the suggestion that Plaintiff has valid claims.

5.  Defendant admits that venue is proper in this district under 28 U.S.C. § 1391(b)(2). To the extent that Plaintiff incorporates allegations about events from other parts of her First Amended Complaint at Law, Defendant incorporates its responses to those allegations here.

6.  Defendant admits that Plaintiff Theresa Premo purports to bring this lawsuit as the next friend of TJP. Defendant admits the remaining allegations in paragraph 6 of Plaintiff's First Amended Complaint at Law, based upon information and belief.

7.  Defendant admits the allegations in paragraph 7 of Plaintiff's First Amended Complaint at Law, based upon information and belief.

8.  Defendant admits the allegations in paragraph 8 of Plaintiff's First Amended Complaint at Law, except that, when Defendant Atteberry was acting under color of law, he was not necessarily acting under Illinois state "ordinances, regulations, customs, and usages[.]"

9. Defendant admits the allegations in paragraph 9 of Plaintiff's First Amended Complaint at Law, except that, when Defendant Kaldahl was acting under color of law, he was not necessarily acting under Illinois state "ordinances, regulations, customs, and usages[.]"

10. Defendant admits the allegations in paragraph 10 of Plaintiff's First Amended Complaint at Law, except that, when Defendant Miller was acting under color of law, he was not necessarily acting under Illinois state "ordinances, regulations, customs, and usages[.]"

11. Defendant admits the allegations in paragraph 11 of Plaintiff's First Amended Complaint at Law, except that, when Defendant Rogers was acting under color of law, he was not necessarily acting under Illinois state "ordinances, regulations, customs, and usages[.]"

12. Defendant admits that Defendant City of Champaign was the employer of the individual Defendant officers during the relevant time. Defendant denies the remaining allegations in paragraph 12 of Plaintiff's First Amended Complaint at Law, including the erroneous assertion that a municipality may be held liable under 42 U.S.C. § 1983 on a *respondeat superior* theory, which Plaintiff does not plead anywhere else below. Further, Defendant denies allegations regarding pattern and practice that are no longer relevant after Plaintiff dismissed her *Monell* claim.

13. Defendant admits that TJP was 16 years old as of December 28, 2018 and that he is African-American, based upon information and belief. Defendant denies the remaining allegations in paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendant admits the allegations in paragraph 14 of Plaintiff's First Amended Complaint at Law.

15. Defendant admits the allegations in paragraph 15 of Plaintiff's First Amended Complaint at Law.

16. Defendant admits the allegations in paragraph 16 of Plaintiff's First Amended Complaint at Law, as of the time he observed the vehicle.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of who resided in the premises and who was related to TJP. Defendant admits the remaining allegations in paragraph 17 of Plaintiff's First Amended Complaint at Law.

18. To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendant denies any allegation in paragraph 18 of Plaintiff's First Amended Complaint at Law that mischaracterizes the content of the recording or the manner in which the statements were made. Defendant admits that Defendant Atteberry walked up to the vehicle, instructed the vehicle's occupants to exit at various times, and searched at least some of the occupants, and Defendant admits that all three occupants were searched. Defendant denies the remaining allegations in paragraph 18 of Plaintiff's First Amended Complaint at Law.

19. To the extent that Plaintiff is purporting to quote a recording, the recording speaks for itself, and Defendant denies any allegation in paragraph 19 of Plaintiff's First Amended Complaint at Law that mischaracterizes the content of the recording or the manner in which the statements were made. With that caveat, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19 of Plaintiff's First Amended Complaint at Law.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of who resided in the premises and who was related to TJP. To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendant denies any allegation in paragraph 20 of Plaintiff's First Amended Complaint at Law that mischaracterizes the content of the recording or the manner in which the

statements were made. With those caveats, Defendant admits that a woman appeared and asked Officer Hagemann something to that effect. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20 of Plaintiff's First Amended Complaint at Law.

21.     Defendant admits that TJP exited the house and stood on the top of the stairs. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 21 of Plaintiff's First Amended Complaint at Law.

22.     Defendant admits the allegations in paragraph 22 of Plaintiff's First Amended Complaint at Law.

23.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of who was related to TJP. To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendant denies any allegation in paragraph 23 of Plaintiff's First Amended Complaint at Law that mischaracterizes the content of the recording or the manner in which the statements were made. With those caveats, Defendant admits that the woman near the door made statements to that effect.

24.     To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendant denies any allegation in paragraph 24 of Plaintiff's First Amended Complaint at Law that mischaracterizes the content of the recording or the manner in which the statements were made. With that caveat, Defendant admits that Defendant Atteberry made a statement to that effect.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of who was related to TJP. To the extent that Plaintiff is purporting to quote or paraphrase a recorded communication, the recording speaks for itself, and Defendant

denies any allegation in paragraph 25 of Plaintiff's First Amended Complaint at Law that mischaracterizes the content of the recording or the manner in which the statements were made. With those caveats, Defendant admits that the woman near the door made statements to that effect.

26. To the extent that Plaintiff is purporting to quote a recorded communication, the recording speaks for itself, and Defendant denies any allegation in paragraph 26 of Plaintiff's First Amended Complaint at law that mischaracterizes the content of the recording or the manner in which the statements were made. With that caveat, Defendant admits that Defendant Atteberry made a statement to that effect.

27. To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendant denies any allegation in paragraph 27 of Plaintiff's First Amended Complaint at Law that mischaracterizes the content of the recording or the manner in which the statements were made. With that caveat, Defendant admits that Defendant Atteberry reached for TJP and made a statement to that effect.

28. Defendant denies the allegations in paragraph 28 of Plaintiff's First Amended Complaint at Law.

29. Defendant denies the allegations in paragraph 29 of Plaintiff's First Amended Complaint at Law.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of who was related to TJP. To the extent that Plaintiff is purporting to quote or paraphrase a recorded communication, the recording speaks for itself, and Defendant denies any allegation in paragraph 30 of Plaintiff's First Amended Complaint at Law that mischaracterizes the content of the recording or the manner in which the statements were made.

With those caveats, Defendant admits that Officer Hagemann did not try to prevent Defendant Atteberry from reaching for TJP, that Officer Hagemann blocked a woman as she attempted to reach Defendant Atteberry, and that she made a comment to that effect. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30 of Plaintiff's First Amended Complaint at Law.

31. Defendant admits that Defendant Kaldahl arrived at the location of Defendant Atteberry and TJP. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31 of Plaintiff's First Amended Complaint at Law.

32. Defendant admits that Defendant Atteberry had TJP's right arm. Defendant denies the remaining allegations in paragraph 32 of Plaintiff's First Amended Complaint at Law.

33. Defendant admits that Defendant Kaldahl grabbed TJP's left arm. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33 of Plaintiff's First Amended Complaint at Law.

34. To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendant denies any allegation in paragraph 34 of Plaintiff's First Amended Complaint at Law that mischaracterizes the content of the recording or the manner in which the statements were made. With that caveat, Defendant admits that Defendant Miller drew his taser device, aimed it at TJP, and ordered him to get on the ground.

35. Defendant admits that Defendant Atteberry and Defendant Kaldahl took TJP to the ground. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35 of Plaintiff's First Amended Complaint at Law.

36. Defendant denies the allegations in paragraph 36 of Plaintiff's First Amended Complaint at Law.

37. Defendant admits that Defendant Kaldahl placed handcuffs on TJP in the vicinity of Defendant Atteberry. Defendant denies the remaining allegations in paragraph 37 of Plaintiff's First Amended Complaint at Law.

38. Defendant denies the allegations in paragraph 38 of Plaintiff's First Amended Complaint at Law.

39. To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendant denies any allegation in paragraph 39 of Plaintiff's First Amended Complaint at Law that mischaracterizes the content of the recording or the manner in which the statements were made. With that caveat, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 39 of Plaintiff's First Amended Complaint at Law.

40. To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendant denies any allegation in paragraph 40 of Plaintiff's First Amended Complaint at Law that mischaracterizes the content of the recording or the manner in which the statements were made. With that caveat, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 40 of Plaintiff's First Amended Complaint at Law.

41. Defendant admits that Officer Hobson did not intervene. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 41 of Plaintiff's First Amended Complaint at Law.

42. Defendant admits the allegations in paragraph 42 of Plaintiff's First Amended Complaint at Law.

43. Defendant admits that Defendant Rogers was called to the scene, that he was a sergeant, that he was Officer Hobson's direct supervisor, and that he had command authority over the remaining officers.

44. To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendant denies any allegation in paragraph 44 of Plaintiff's First Amended Complaint at Law that mischaracterizes the content of the recording or the manner in which the statements were made. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 44 of Plaintiff's First Amended Complaint at Law.

45. Defendant admits that TJP made a statement to that effect and that Defendant Rogers loosened the left handcuff. Defendant denies the remaining allegations in paragraph 45 of Plaintiff's First Amended Complaint at Law.

46. To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendant denies any allegation in paragraph 46 of Plaintiff's First Amended Complaint at Law that mischaracterizes the content of the recording or the manner in which the statements were made. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of Plaintiff's First Amended Complaint at Law.

47. To the extent that Plaintiff's vague allegations are meant to reference the City of Champaign's police station, Defendant denies the allegations in paragraph 47 of Plaintiff's First Amended Complaint at Law. To the extent that Plaintiff's vague allegations are meant to

reference the Champaign County Juvenile Detention Center that detained TJP, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations about whether medical care was provided there.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations about events that occurred after the Champaign County Juvenile Detention Center detained TJP, including the duration of detention or the medical attention provided or withheld. Defendant denies the remaining allegations in paragraph 48 of Plaintiff's First Amended Complaint at Law.

49. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations about why TJP's probation was revoked or the consequences of revocation. Defendant denies the remaining allegations in paragraph 49 of Plaintiff's First Amended Complaint at Law.

## COUNT I – FEDERAL CLAIM
## 42 U.S.C. § 1983 EXCESSIVE FORCE
## DEFENDANTS ATTEBERRY, KALDAHL, AND MILLER

50. Defendant hereby incorporates its response to each of the paragraphs of Plaintiff's First Amended Complaint at Law as if fully restated here.

51. Defendant denies the allegations in paragraph 51 of Plaintiff's First Amended Complaint at Law.

52. Defendant denies the allegations in paragraph 52 of Plaintiff's First Amended Complaint at Law.

WHEREFORE, Defendant prays that Count I be dismissed with prejudice and with an award of costs to Defendant.

## COUNT II – FEDERAL CLAIM
## 42 U.S.C. § 1983 FALSE ARREST

**DEFENDANTS ATTEBERRY AND KALDAHL**

53.     Defendant hereby incorporates its response to each of the paragraphs of Plaintiff's First Amended Complaint at Law as if fully restated here.

54.     Defendant denies the allegations in paragraph 54 of Plaintiff's First Amended Complaint at Law.

55.     Defendant denies the allegations in paragraph 55 of Plaintiff's First Amended Complaint at Law.

56.     Defendant denies the allegations in paragraph 56 of Plaintiff's First Amended Complaint at Law.

WHEREFORE, Defendant prays that Count II be dismissed with prejudice and with an award of costs to Defendant.

**COUNT III – FEDERAL CLAIM**
**42 U.S.C. § 1983 FAILURE TO INTERVENE**
**DEFENDANTS KALDAHL AND MILLER**

57.     Defendant objects to Plaintiff's improper attempt to amend this Count to state a new claim against Defendant Kaldahl, which is beyond the scope of amendment that the Court authorized after the stipulation to dismiss.  Further, Defendant hereby incorporates its response to each of the paragraphs of Plaintiff's First Amended Complaint at Law as if fully restated here.  Beyond those allegations, this Count makes no claim against Defendant; hence, Defendant has no obligation to respond to the allegations contained in this Count.  To the extent a response is required, Defendant answers as follows.

58.     Defendant admits that Defendants Kaldahl and Miller were present at the property.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 58 of Plaintiff's First Amended Complaint at Law.

59.   Defendant admits that Defendants Kaldahl and Miller did not intervene to prevent the use of force or the arrest.  Defendant denies the remaining allegations in paragraph 59 of Plaintiff's First Amended Complaint at Law.

60.   Defendant denies the allegations in paragraph 60 of Plaintiff's First Amended Complaint at Law.

WHEREFORE, Defendant prays that Count III be dismissed with prejudice and with an award of costs to Defendant.

## COUNT IV – FEDERAL CLAIM
## 42 U.S.C. § 1983 SUPERVISORY LIABILITY
### DEFENDANT ROGERS

61.   Defendant hereby incorporates its response to each of the paragraphs of Plaintiff's First Amended Complaint at Law as if fully restated here.  Beyond those allegations, this Count makes no claim against Defendant; hence, Defendant has no obligation to respond to the allegations contained in this Count.  To the extent a response is required, Defendant answers as follows.

62.   Defendant admits that Defendant Rogers was aware of the arrest and of officer conduct.  Defendant denies the remaining allegations in paragraph 62 of Plaintiff's First Amended Complaint at Law.

63.   Defendant admits the allegations in paragraph 63 of Plaintiff's First Amended Complaint at Law.

64.   Defendant admits the allegations in paragraph 64 of Plaintiff's First Amended Complaint at Law.

65.   Defendant denies the allegations in paragraph 65 of Plaintiff's First Amended Complaint at Law.

66.     Defendant denies the allegations in paragraph 66 of Plaintiff's First Amended Complaint at Law.

WHEREFORE, Defendant prays that Count IV be dismissed with prejudice and with an award of costs to Defendant.

### COUNT V – FEDERAL CLAIM
### 42 U.S.S. [*sic*] § 1983 FAILURE TO PROVIDE MEDICAL CARE
### DEFENDANTS ATTEBERRY, KALDAHL, MILLER, AND ROGERS

67.     Defendant hereby incorporates its response to each of the paragraphs of Plaintiff's First Amended Complaint at Law as if fully restated here.

68.     Defendant admits that he observed part of the use of force, did not call an ambulance, and did not offer medical care.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 68 of Plaintiff's First Amended Complaint at Law.

69.     To the extent that Plaintiff is purporting to paraphrase a recorded communication, the recording speaks for itself, and Defendant denies any allegation in paragraph 69 of Plaintiff's First Amended Complaint at Law that mischaracterizes the content of the recording or the manner in which the statements were made.  With that caveat, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 69 of Plaintiff's First Amended Complaint at Law.

70.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations about events that occurred after the Champaign County Juvenile Detention Center detained TJP, including the duration of detention or the medical attention provided.  Defendant denies the remaining allegations in paragraph 70 of Plaintiff's First Amended Complaint at Law.

71.     Defendant denies the allegations in paragraph 71 of Plaintiff's First Amended Complaint at Law.

WHEREFORE, Defendant prays that Count V be dismissed with prejudice and with an award of costs to Defendant.

### COUNT "V" [*sic*] – FEDERAL CLAIM
### 42 U.S.S. [*sic*] § 1985 CIVIL CONSPIRACY
### DEFENDANTS ATTEBERRY, KALDAHL, MILLER, AND ROGERS

72.     Defendant hereby incorporates its response to each of the paragraphs of Plaintiff's First Amended Complaint at Law as if fully restated here.

73.     To the extent that allegations above about alleged misconduct are incorporated here, Defendant hereby incorporates its response to each of those allegations. Defendant denies the remaining allegations in paragraph 73 of Plaintiff's First Amended Complaint at Law.

74.     Defendant denies the allegations in paragraph 74 of Plaintiff's First Amended Complaint at Law.

75.     Defendant denies the allegations in paragraph 75 of Plaintiff's First Amended Complaint at Law.

WHEREFORE, Defendant prays that Count "V" be dismissed with prejudice and with an award of costs to Defendant.

### COUNT "XI" [*sic*] – CLAIM UNDER ILLINOIS LAW
### INDEMNIFICATION
### DEFENDANT CITY OF CHAMPAIGN

76.     Defendant hereby incorporates its response to each of the foregoing paragraphs of Plaintiff's First Amended Complaint at Law as if fully restated here. Beyond those allegations, this Count makes no claim against Defendant; hence, Defendant has no obligation to respond to

the allegations contained in this Count. To the extent a response is required, Defendant answers as follows.

77. Defendant admits the allegations in paragraph 77 of Plaintiff's First Amended Complaint at Law.

78. To the extent that the allegations in paragraph 78 of Plaintiff's First Amended Complaint at Law mischaracterize the law, including the erroneous assertion that a municipality is required to indemnify any judgment beyond a tort judgment for compensatory damages, Defendant denies the allegations.

WHEREFORE, Defendant prays that Count "XI" be dismissed with prejudice and with an award of costs to Defendant.

## **AFFIRMATIVE DEFENSES**

NOW COMES the Defendant TIMOTHY ATTEBERRY ("Defendant"), by and through his undersigned counsel, and asserts that Plaintiff's complaint should be dismissed, in whole or in part, based on the following affirmative defenses. Defendant asserts these defenses without assuming the burden of proof where it properly lies with Plaintiff.

1. As to Count I, if TJP is charged and convicted for resisting arrest in the state court and the facts underlying the claim of excessive force necessarily imply the invalidity of that conviction, then Count I must be dismissed. *E.g. Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014).

2. As to Counts II – V and "V", if TJP is charged and convicted in state court, and if any of those counts would necessarily imply the invalidity of his conviction, then such counts must be dismissed. *E.g. Wallace v. Kato*, 549 U.S. 384, 393–94, 395 n.5 (2007).

3. To the extent that Plaintiff asserts a *respondeat superior* theory, *see* paragraph 12

of Plaintiff's complaint, Plaintiff has failed to state a claim for relief to which *respondeat superior* could apply, because "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *See, e.g., Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

4. Counts I-"V" fail to the extent that a particular Defendant was not personally involved in any constitutional violation.

5. Counts II-IV and "V" fail, because there was actual and arguable probable cause to arrest TJP.

6. As to Counts I – "V", the Defendant officers are entitled to qualified immunity because:

   a. his conduct did not amount to a violation of TJP's constitutional rights,

   b. a reasonable officer in his position could have believed his actions did not violate the Constitution in light of clearly established law and the information he possessed at the time, and

   c. there was arguable probable cause to arrest TJP at all pertinent times.

7. As to Counts I-"V":

   a. Defendant's conduct was not a proximate cause of TJP's alleged damages,

   b. TJP's conduct was a proximate cause of his alleged damages, or

   c. third parties were a proximate cause of TJP's alleged damages, including but not limited to any alleged failure to receive medical care when detained outside of the presence of Defendant, upon information and belief.

8. If the individual Defendant officers are not liable, then Count "XI" fails, because a local public entity is not liable for an injury resulting from an act or omission of its employee

where the employee is not liable. *See Fleming v. Livingston Cty., Ill.*, 674 F.3d 874, 881 (7th Cir. 2012) (quoting 745 ILCS 10/2–109).

9. As to Count II, Plaintiff cannot recover any damages under that count beyond the issuance of process or arraignment of TJP. *Wallace v. Kato*, 549 U.S. 384, 390 (2007).

10. To the extent that Plaintiff seeks to recover for "compensatory damages" for "injuries":

   a. Plaintiff has not specifically stated any special damages as required by Fed. R. Civ. P. 9(g), and

   b. to the extent that Plaintiff claims any continuing injuries, Plaintiff or TJP has failed to mitigate those alleged injuries and damages, upon information and belief.

11. To the extent that Plaintiff seeks duplicative damages, such as damages for the same "injuries" under multiple counts, Plaintiff cannot receive a double recovery.

12. To the extent that Plaintiff seeks punitive damages, Defendant's conduct was not motivated by evil motive or intent, and Defendant's conduct did not involve reckless or callous indifference to Plaintiff's federally protected rights.

13. To the extent that Plaintiff seeks punitive damages, Defendant adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided with respect to punitive damages in the following cases and their progeny: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool, Inc.*, 532 U.S. 424 (2001); and *State Farm v. Campbell*, 538 U.S. 408 (2003).

WHEREFORE, Defendant prays that Plaintiff's complaint be dismissed with prejudice and with an award of costs to Defendant.

### DEMAND FOR JURY TRIAL

Defendant demands a jury on all issues triable of right by a jury, and Defendant respectfully requests a jury on all other issues triable by a jury.

                         Respectfully submitted,

                         Defendant TIMOTHY ATTEBERRY ("Defendant")

                         By his attorneys:

Dated:  January 31, 2020         *s/ Justin N. Brunner*
                                      David E. Krchak (#3127316)
                                      Justin N. Brunner (#6323496)
                                      Casey R. Bales (#6329412)
                                      THOMAS MAMER LLP
                                      30 E. Main St., Ste. 500;  P.O. Box 560
                                      Champaign, IL  61824-0560
                                      Tel.:  (217) 351-1500; Fax:  (217) 351-2169
                                      DEK@ThomasMamer.com; JNB@ThomasMamer.com;
                                      CRB@ThomasMamer.com

### CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2020, I caused the foregoing document:

*DEFENDANT TIMOTHY ATTEBERRY'S*
*ANSWER TO FIRST AMENDED COMPLAINT AT LAW,*
*AFFIRMATIVE DEFENSES, AND JURY DEMAND*

to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notice to all attorneys of record.

                                             *s/ Justin N. Brunner*
                                             Justin N. Brunner (#6323496)
                                             THOMAS MAMER LLP